# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
DOC HOBBS,

     Plaintiff,

v.                                              CV 2:22-148

JOHN CARTER, THE OFFICE OF THE
SHERIFF OF WAYNE COUNTY, and
WAYNE COUNTY BOARD OF
COMMISSIONERS,

     Defendants.
```

**ORDER**

Before the Court is Plaintiff's motion to remand, dkt. no. 8, wherein he argues Defendants' removal of this case was improper. Defendants have responded in opposition, dkt. no. 9, and the motion is ripe for review.

**BACKGROUND**

This case arises from Plaintiff's termination of employment. In the complaint,[1] Plaintiff Doc Hobbs alleges he was employed as a detention officer by Defendant Office of Wayne County Sheriff ("Sheriff's Office") while Defendant John Carter served as Sheriff. Dkt. No. 1-1 ¶¶ 3, 6. On or about February 18, 2018,

---

[1] "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc., No. 8:18-CV-233-EAK-AAS, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1163-64 (5th Cir. 1988)).

Plaintiff was suspended without pay, without being given written notice of the specific reasons for suspension. Id. ¶ 7. Plaintiff was never afforded a hearing. Id. ¶ 8. "Under the personnel plan, adopted by the Sheriff and [Defendant] Wayne County Board of Commissioners, the Plaintiff was entitled to a written statement of charges against him and he was entitled to a hearing." Id. ¶ 9.

Plaintiff was terminated by Defendant Carter on November 18, 2020. Id. ¶ 10. According to the complaint, Plaintiff did not become aware of his termination until many months later when he requested a copy of his personnel file, wherein he discovered the notice of termination. Id. ¶ 12. Plaintiff demands judgment against Defendants for breach of contract in the amount of $500,000.00; judgment against Defendants for violation of Plaintiff's due process rights in the amount of $500,000.00; actual damages, punitive damages, and reasonable attorney's fees in the amount of $1,000,000.00, with costs; and reinstatement to his position with the Sheriff's Office. Id. at 5.

Plaintiff filed his complaint against Defendants on November 14, 2022 in Wayne County Superior Court. Dkt. No. 1-1 at 1. Though Plaintiff's claims are not demarcated by headings, it appears he alleges a state law contract claim and a Due Process claim pursuant to the U.S. and Georgia Constitutions. Dkt. No. 1-1 ¶¶ 16, 17 (alleging that "while the personnel plan was in effect,

2

[it] gave the Plaintiff contractual rights to have the personnel plan followed," and Defendants are "therefore in breach of the contract"); id. ¶ 18 (alleging that "he had a legitimate expectation of continued employment . . . , which therefore constituted a property right under the Constitution of the United States as well as under the Constitution and Laws of the State of Georgia").

On December 23, 2022, Defendant Carter,[2] jointly with Defendant Sheriff's Office and Defendant Board of Commissioners, removed the case to this Court on the basis of federal question jurisdiction.  Dkt. No. 1 (citing 28 U.S.C. §§ 1331, 1441(b)). One week later, Defendants Sheriff's Office and Board of Commissioners moved to dismiss Plaintiff's complaint.  Dkt. No. 4. On January 23, 2023, Plaintiff moved to remand, arguing "the Complaint does not show on its face that this Court has jurisdiction."[3]  Dkt. No. 8 at 1.

---

[2] Defendant "Office of the Sheriff of Wayne County" states it "is not a legal entity subject to suit but has nonetheless been named as a Defendant, [and] joins in filing" the notice of removal. Dkt. No. 1 at 1.  Defendant Wayne County Board of Commissioners, who contends it has not been served with process, appears specially for the limited purpose of consenting to removal of this action and likewise joins the notice of removal. Id.

[3] Plaintiff also states Defendants' removal was untimely, dkt. no. 8 at 1, but he makes no argument to support that contention, see generally id.  Moreover, Plaintiff is incorrect.  The Eleventh Circuit has adopted the "last-served defendant" rule, which permits "each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to [28 U.S.C.] § 1446(b)." Bailey v. Janssen Pharm., Inc., 536 F.3d 1202, 1209 (11th Cir. 2008). "Removal by the last-served defendant," here, Defendant Carter, "is proper if all defendants consent to removal, even if the last-served defendant timely removes the case after the expiration of the previously served defendant's thirty-day window to

3

Thus, the issue before the Court is whether subject matter jurisdiction—in the form of a federal question—exists to give the Court authority to hear this case.

## LEGAL AUTHORITY

Federal courts are courts of limited jurisdiction and may only hear cases that they have been authorized to hear by the Constitution or by Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). The existence of federal jurisdiction is tested at the time of removal. Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1332 (11th Cir. 1998). In determining whether federal question jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Thus, to meet their burden, Defendants must show that Plaintiff's complaint, as it existed at the time of

---

remove." Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Here, the sheriff's entry of service indicates Defendant Carter was served November 23, 2022. Dkt. No. 1-2 at 2. Carter, with the other Defendants joining, removed this case exactly thirty days later, on December 23, 2022, within the applicable thirty-day period allowed by 28 U.S.C. § 1446(b).

removal, provides an adequate basis for the exercise of federal jurisdiction.

## DISCUSSION

To recap, Plaintiff alleges in the complaint that, pursuant to the personnel plan which governed his employment with the Sheriff's Office, he was entitled to a written explanation and hearing regarding his suspension. Dkt. No. 1-1 ¶¶ 7-9. Plaintiff acknowledges in his motion to remand that he "alleged that his rights under the Personnel Plan gave him a property interest in continued employment, and that his rights under the Georgia Constitution, *and the Constitution of the United States* had been violated because his property was taken without due process." Dkt. No. 8 at 2 (emphasis added).

Defendants argue that Plaintiff has asserted a federal Due Process claim pursuant to 42 U.S.C. § 1983. See Dkt. No. 9 at 5-6. Plaintiff counters that "[t]he complaint does not allege that this action is based upon Federal Statutory law," and "does not allege that the United States District Court would have original jurisdiction over this action." Dkt. No. 8 at 5. Plaintiff also argues that even if his complaint implicates federal law, it does not do so in a substantial way. See id. at 2-4.

Pursuant to 28 U.S.C. § 1331, "the District Court shall have original jurisdiction of all civil actions arising under the Constitution, the laws, or treaties of the United States." Thus,

5

the federal court will have jurisdiction if the suit involves a federal question. However, "not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 115 (1936). A federal question arises only if the complaint substantially alleges a dispute or controversy regarding the validity, construction or effect of such a law. Id. at 114.

Additionally, certain conditions must be satisfied for a federal question to arise. The federal question must be disclosed on the face of the complaint, the federal law must be an essential element of the plaintiff's cause of action, and the federal question may not be inferred from a defense asserted or one expected to be made. Id. at 112-113. Furthermore, the federal question raised must be a substantial one. Hagans v. Lavine, 415 U.S. 528, 536 (1974).

Here, the Court is satisfied that Defendants have met their burden to show Plaintiff's complaint meets these requirements. First, it is clear from Plaintiff's complaint that he asserts a Due Process claim pursuant to the U.S. Constitution. Dkt. No. 1-1 ¶¶ 7-9; see also Washington v. Kirksey, 811 F.2d 561, 563 (11th Cir. 1987) ("When a claim is based upon a constitutional provision, federal subject matter jurisdiction has been established provided the alleged claim is not wholly frivolous." (citing Bell v. Hood, 327 U.S. 678, 682-83 (1946))). Second, to assert such a claim

against an apparent state actor, which is what Plaintiff is trying to do, his remedy is through § 1983, making it essential to Plaintiff's cause of action. Smith v. Fla. Dep't of Corr., No. 6:08-CV-1213-ORL-DAB, 2009 WL 10670364, at *6 (M.D. Fla. Oct. 16, 2009) ("Although Plaintiff does not cite as a basis for his federal claim 42 U.S.C. § 1983, for a due process claim . . . , alleged against state actors, is typically brought under 42 U.S.C. § 1983."). Third, such an implication of federal law comes straight from Plaintiff's complaint—it need not be inferred from any defense expected to be made by Defendants. See Dkt. No. 1-1. And finally, federal law is substantial to Plaintiff's Due Process claim because Georgia does not have a corollary to § 1983 for individual liability. Howard v. Miller, 476 S.E.2d 636, 639 (Ga. Ct. App. 1996) (Georgia has "no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts.").

Though Plaintiff argues that the complaint does not even mention § 1983, dkt. no. 8 at 5, such "[a]rtful pleading cannot, . . . be used to conceal an essentially federal claim." Schultz v. Coral Gables Fed. Sav. & Loan Ass'n, 505 F. Supp. 1003, 1008 (S.D. Fla. 1981) (citing In Re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980)). "In this circuit, the accepted rule is that upon removal the court should inspect the complaint carefully to determine whether a federal claim is necessarily presented by

7

plaintiff, even if plaintiff has couched his pleadings exclusively in terms of state law." Id.  Finally, as Defendants point out, dkt. no. 9 at 6, Plaintiff could have amended his complaint to omit his Due Process claim if he did not wish to proceed in this Court, but he has not done so.

Accordingly, the Court finds it has federal-question jurisdiction over this case.  Therefore, Plaintiff's motion to remand, dkt. no. 8, is **DENIED**.

## CONCLUSION

Plaintiff's motion to remand, dkt. no. 8, is **DENIED**.

**SO ORDERED**, this 14th day of March, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA