# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| DOC HOBBS,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN CARTER, THE OFFICE OF THE SHERIFF OF WAYNE COUNTY, and WAYNE COUNTY BOARD OF COMMISSIONERS,<br><br>    Defendants. | CV 2:22-148 |

## ORDER

Before the Court is a motion to dismiss, dkt. no. 4, filed by Defendants Office of the Sheriff of Wayne County and Wayne County Board of Commissioners.  Plaintiff has responded in opposition, dkt. no. 7, and the motion is ripe for review.

## BACKGROUND[1]

This case arises from Plaintiff's termination of employment. In the complaint, Plaintiff Doc Hobbs alleges he was employed as a detention officer by Defendant Office of Wayne County Sheriff ("Sheriff's Office") while Defendant John Carter served as Sheriff.  Dkt. No. 1-1 ¶¶ 3, 6.  On or about February 18, 2018, Plaintiff was suspended without pay, without being given written

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]"  Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

notice of the specific reasons for suspension. Id. ¶ 7. Additionally, Plaintiff alleges he was never afforded a hearing. Id. ¶ 8. "Under the personnel plan, adopted by the Sheriff and [Defendant] Wayne County Board of Commissioners, the Plaintiff was entitled to a written statement of charges against him and he was entitled to a hearing." Id. ¶ 9.

Plaintiff was terminated by Defendant Carter on November 18, 2020. Id. ¶ 10. According to the complaint, Plaintiff did not become aware of his termination until many months later when he requested a copy of his personnel file, wherein he discovered the notice of termination. Id. ¶ 12. Plaintiff demands judgment against Defendants for breach of contract in the amount of $500,000.00; judgment against Defendants for violation of Plaintiff's due process rights in the amount of $500,000.00; actual damages, punitive damages, and reasonable attorney's fees in the amount of $1,000,000.00, with costs; and reinstatement to his position with the Sheriff's Office. Id. at 5.

Plaintiff filed his complaint against Defendants on November 14, 2022 in Wayne County Superior Court. Dkt. No. 1-1 at 1. On December 23, 2022, Defendant Carter, jointly with Defendant Sheriff's Office and Defendant Board of Commissioners, removed the case to this Court on the basis of federal question jurisdiction. Dkt. No. 1 (citing 28 U.S.C. §§ 1331, 1441(b)). One week later, Defendants Sheriff's Office and Board of Commissioners moved to

dismiss Plaintiff's complaint. Dkt. No. 4. On January 23, 2023, Plaintiff moved to remand, arguing "the Complaint does not show on its face that this Court has jurisdiction." Dkt. No. 8 at 1. The Court denied Plaintiff's motion to remand, finding that it has federal-question jurisdiction over this case. Dkt. No. 10. That brings us to Defendants' motion to dismiss.

## DISCUSSION

Defendant Sheriff's Office and Defendant Board of Commissioners move to dismiss Plaintiff's complaint on two grounds. First, they contend the Sheriff's Office is not a legal entity subject to suit. Dkt. No. 4 at 1. Next, they contend the Board of Commissioners has not been properly served with process. Id. at 2. The Court will address each issue in turn.

### I. Whether Defendant Sheriff's Office is Subject to Suit

Defendant Sheriff's Office contends Plaintiff's claims against it must be dismissed because it is not a legal entity subject to suit. Dkt. No. 4 at 1.

For all parties who are not individuals or corporations, the "[c]apacity to sue or be sued" in federal court is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b); see also Fed. R. Civ. P. 17(b)(3) (noting two exceptions to this rule which do not apply here). Georgia "'recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-

artificial persons as the law recognizes as being capable to sue.'" Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (quoting Cravey v. Se. Underwriters Ass'n, 105 S.E.2d 497, 500 (Ga. 1958)). Indeed, the Eleventh Circuit has held "[s]heriff's departments and police departments are not usually considered legal entities subject to suit[.]" Lawal Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)) (affirming district court's decision that plaintiff failed to state a claim against the sheriff's department).

In his response to Defendants' motion, Plaintiff acknowledges Defendants' argument that the Sheriff's Office is not a legal entity subject to suit. Dkt. No. 7 at 1. Indeed, he appears to concede the point. See id. Plaintiff explains that he "will substitute the current Sheriff of Wayne County in place of that designation[, i.e., the Sheriff's Office,] when this case is remanded to Wayne County," and "[i]f this action is not remanded, [he] will ask for substitution in this action . . . the current Sheriff of Wayne County." Id. Notably, however, the Court denied Plaintiff's motion to remand on March 14, 2023. Dkt. No. 10. Much time has passed, and Plaintiff has not attempted to substitute Defendant Sheriff's Office with "the current Sheriff of Wayne County." In light of controlling law, as well as Plaintiff's concession and his failure to substitute a proper defendant, the

4

Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims against Defendant Sheriff's Office.

### II. Whether Defendant Board of Commissioners Has Been Properly Served

Finally, Defendant Board of Commissioners moves to dismiss Plaintiff's claims against it because it has not been served with process. Dkt. No. 4 at 2. Here, the parties agree that, before this case was removed to federal court, Plaintiff attempted to serve Defendant Board of Commissioners by leaving a copy of the complaint and summons with Amanda Hannah, who is the Wayne County Clerk. Dkt. No. 4 at 3; Dkt. No. 7 at 2; see also Dkt. No. 1-2 at 1 (sheriff's entry of service). Defendant Board of Commissioners argues that Ms. Hannah is not authorized to receive process on behalf of Wayne County. Dkt. No. 4 at 3. Plaintiff does not argue that Ms. Hannah was, in fact, authorized to accept service, but he does argue that Defendants have not met their burden to show service was improper. Dkt. No. 7 at 2. The parties agree that, at least for service-of-process purposes, a suit against the Board of Commissioners is, in essence, a suit against the county itself. Dkt. No. 4 at 3; Dkt. No. 7 at 2.

The Federal Rules of Civil Procedure allow a party to seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Courts apply the same analysis to a motion to dismiss for insufficient service of process under Rule 12(b)(5)

5

as they would for a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). See Carrier v. Jordan, 714 F. Supp. 2d 1204, 1211 (S.D. Ga. 2008); see also Baragona v. Kuwait Golf Link Transp. Co., 594 F.3d 852, 855 (11th Cir. 2010) (per curiam) (noting that proper service of process is one of the components of personal jurisdiction).

"Although this action is now in federal court, in analyzing Defendant[s'] motion to dismiss for insufficiency of service of process, the court must examine whether Plaintiff complied with Georgia law governing process." Ritts v. Dealers All. Credit Corp., 989 F. Supp. 1475, 1477 (N.D. Ga. 1997) (citing Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) ("A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process.")); see also Dkt. No. 1-2 (sheriff's entry of service effected while case was still pending in state court). Under Georgia law, "[t]he party challenging the sufficiency of the service bears the burden of showing it was improper." Ritts, 989 F. Supp. at 1478 (citing Yelle v. U.S. Suburban Press, Inc., 453 S.E.2d 108, 110 (Ga. Ct. App. 1995)).

Georgia law also sets forth a list of persons who may accept service on behalf of a municipal corporation. Pursuant to Georgia law, a party may serve "a county, municipality, city or town" by serving "the chairman of the board of commissioners, president of

6

the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process." O.C.G.A. § 9-11-4(e)(5).

In the instant case, the sheriff's entry of service on Ms. Hannah, the County Clerk, is *prima facie* evidence of service. Ritts, 989 F. Supp. at 1478 (citing Webb v. Tatum, 413 S.E.2d 263, 264 (Ga. Ct. App. 1991)); see also Dkt. No. 1-2 at 1. As previously noted, because Plaintiff's attempt to serve Defendant Board of Commissioners occurred while this case was still pending in state court, sufficiency of service is determined by Georgia law, and the burden is on Defendants to show service upon Ms. Hannah was improper. Id. Here, however, Defendants have submitted no evidence—only an unsupported statement—that Ms. Hannah was not "an agent authorized by appointment to receive service of process." O.C.G.A. § 9-11-4(e)(5); Dkt. No. 4 at 3. Such a conclusory allegation is not sufficient to overturn the presumption that service was proper. See Yelle, 453 S.E.2d at 110 ("'When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.'" (quoting NUCOR Corp. v. Meyers, 440 S.E.2d 531, 532 (Ga. Ct. App. 1994))). Because Defendants have not met their burden to show that service of process upon Ms. Hannah was improper, their motion

7

to dismiss Plaintiff's claims against Defendant Board of Commissioners, dkt. no. 4, is **DENIED**.

## CONCLUSION

Defendants' motion to dismiss, dkt. no. 4, is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Defendant Sheriff's Office, and Plaintiff's claims against Defendant Sheriff's Office are **DISMISSED**. The Clerk is **DIRECTED** to terminate the Office of the Sheriff of Wayne County as a defendant in this matter. Defendants' motion to dismiss is **DENIED** as to Defendant Board of Commissioners. Additionally, Plaintiff's claims against Defendant Carter remain pending.

**SO ORDERED**, this 3rd day of July, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA